IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SARAH WEST,[1] | § |
| | § No. 76, 2021 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN08-02232 |
| MASON CLARKE, | § Petition No. 18-06055 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: October 29, 2021
Decided: January 4, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The parties, Sarah West ("the Mother") and Mason Clarke ("the Father"), are the parents of three children. Under a child support order entered in 2012, the Father was required to pay $1,009.00 a month, $919.00 in child support and $90.00 in arrears. On March 1, 2018, the Father filed a petition to reduce his monthly child support obligation. According to the Family Court docket, a summons was mailed to the Mother at a Delaware address and a Virginia address. After the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Mother failed to appear for mandatory mediation on April 3, 2018, a Family Court Commissioner entered an order reducing the Father's monthly obligation to $823.00, $730.00 in child support and $90.00 in arrears.

(2)     On May 3, 2018, the Mother filed a petition for review of the Commissioner's order alleging that she was not notified of the mediation and was wrongly attributed with income.  She also filed a motion to proceed *in forma pauperis*.  These filings reflected that the Mother lived in North Carolina.

(3)     On May 7, 2018, the Family Court denied the Mother's motion to proceed *in forma pauperis* and ordered that the petition would be dismissed if the filing fee was not paid in thirty days.  The Family Court docket reflects that the petition was denied on June 15, 2018, after the Mother failed to pay the filing fee.

(4)     On October 6, 2020, the Commissioner modified the April 3, 2018 order to list the parties' three children and to remove the arrears obligation. According to the amended order, the Commissioner removed the arrears obligation because the Family Court received a notice of administrative adjustment on October 15, 2018, that stated the arrears balance was paid in full as of September 28, 2018.

(5)     On January 13, 2021, the Mother filed a petition for review of the Commissioner's order.  The petition challenged portions of the April 3, 2018 and October 6, 2020 orders.  The Mother also filed a motion to vacate the April 3, 2018 and October 6, 2020 orders.  The motion to vacate included an April 2020 notice of

administrative adjustment that showed an arrears balance of $5,006.21 as of February 21, 2020.

(6) On February 10, 2021, the Family Court dismissed the petition for review of the Commissioner's order as untimely and for the Mother's failure to appear for the hearing. On March 11, 2021, the Mother filed an appeal of the Family Court's February 10, 2021 order in this Court. On March 29, 2021, the Commissioner denied the Mother's motion to vacate. The Family Court docket does not reflect that the Mother filed a petition for review of the Commissioner's order denying her motion to vacate.

(7) When a party files a timely request for review of a Commissioner's order, a Family Court judge must make "a *de novo* determination of those portions of the Commissioner's order to which objection is made."[2] A Family Court judge "may accept, reject or modify in whole or in part the order of the Commissioner."[3] This Court's review of a Family Court order, including the Family Court's review of a Commissioner's order, extends to a review of the facts and the law, as well as to the inferences and deductions made by the judge.[4] We review issues of law *de*

---

[2] 10 *Del. C.* § 915(d)(1).
[3] *Id.*
[4] *Kraft v. Mason*, 2010 WL 5341918, at *2 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del.1983)).

*novo*.[5]  If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[6]

(8)     On appeal, the Mother challenges both the Family Court's dismissal of her petition for review of the Commissioner's order and the Commissioner's denial of her motion to vacate, but she devotes most of her arguments to the Commissioner's denial of her motion to vacate.  We first address the Family Court's dismissal of the Mother's petition for review of the Commissioner's order.

(9)     A request for review of a Commissioner's order must be filed within thirty days of the date of the order.[7]  The Commissioner amended the April 3, 2018 order on October 6, 2020.  The Mother filed her request for review of the Commissioner's April 3, 2018 and October 6, 2020 orders on January 13, 2021, well after the thirty-day period to request review had passed. The Family Court did not err in dismissing the Mother's January 13, 2021 petition as untimely.[8]

(10)   As to the Mother's arguments concerning the Commissioner's denial of her motion to vacate, this Court lacks jurisdiction to consider an appeal directly

---

[5] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[6] *Jones v. Lang*, 591 A.2d 185, 187 (Del. 1991).
[7] 10 *Del. C.* § 915(d); Fam. Ct. Civ. R. 53.1(b).
[8] The Family Court also dismissed the petition based on the Mother's failure to appear for the October 6, 2020 hearing, but this was erroneous as there was no hearing on October 6, 2020.

from a Commissioner's decision.[9]  We note that this appeal was pending at the time of the Commissioner's denial of the Mother's motion to vacate.  The pendency of this appeal divested the Family Court of jurisdiction to act on the motion to vacate.[10]  The Family Court Commissioner's denial of the motion to vacate must therefore before vacated.  On remand, the Family Court shall address the motion to vacate, including the Mother's arguments concerning the elimination of arrears.

NOW, THEREFORE, IT IS ORDERED that the dismissal of the petition for review of the Commissioner's order is AFFIRMED.  The Commissioner's denial of the motion to vacate is VACATED, and this matter is REMANDED to the Family Court for further proceedings consistent with this Order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[9] *E.g., Bailey v. Jackson*, 2016 WL 3382340, at *1 (Del. June 10, 2016) ("The appellate jurisdiction of this Court over civil proceedings in the Family Court is limited to decisions issued by the Judges of the Family Court.").

[10] *Wise v. City of Wilmington, Dept. of Finance*, 1991 WL 134450, at *1 (Del. June 20, 1991).